UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ALEXANDER PAUL KELLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 2:22-CV-136-KAC-CRW |
| ) | 2:17-CR-17-KAC-CRW-4 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

Petitioner Alexander Paul Kelley pleaded guilty, pursuant to a plea agreement to a federal drug crime, and was sentenced on December 7, 2017 to 135 months' imprisonment [Doc. 137 (Judgment)][1]. He subsequently filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Sixth Circuit Court of Appeals on June 13, 2022, which was transferred to this Court on October 31, 2022 (Section 2255 Petition) [Doc. 278]. The Government responded in opposition [2:22-CV-136-KAC-CRW, Doc. 4]. For the reasons that follow, the Court concludes that an evidentiary hearing is unnecessary and **DENIES** Petitioner's Section 2255 Petition.

**I.  Standard of Review**

Under 28 U.S.C. § 2255(a), a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction and sentence, if he claims (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court lacked jurisdiction to impose the sentence; or (3) that the sentence is in excess of the maximum authorized by law, or is

---

[1] Unless otherwise noted, all citations to the record refer to the docket in Petitioner's criminal case.

otherwise subject to collateral attack. 28 U.S.C. § 2255(a). At a minimum, to obtain post-conviction relief under Section 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2004); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). To obtain collateral relief under § 2255, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a Section 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts; *see also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'" (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963))). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. *Id.* If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734

2

F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). But an evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

##       II.      Factual Background

In 2017, Petitioner sold methamphetamine as part of a drug-trafficking conspiracy [Doc. 78 ¶ 4 (Plea Agreement)]. While Petitioner was transporting drugs as part of the conspiracy, police attempted to perform a traffic stop for speeding [*Id.*]. Petitioner led officers on an hour-long vehicle pursuit through multiple counties and attempted to "hit a patrolman head-on, narrowly missing the patrolman's car" before law enforcement officers apprehended him [Doc. 136 ¶ 21].

Petitioner pleaded guilty to conspiring to distribute at least fifty (50) grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [*Id.*]. In his plea agreement, Petitioner waived his right to "file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack [his] conviction(s) and/or resulting sentence," subject to two exceptions [*Id.* ¶ 10(b)]. Petitioner "retain[ed] the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct" [*Id.*]. The Court accepted Petitioner's plea agreement and ultimately sentenced Petitioner to 135 months' imprisonment on December 7, 2017 [Doc. 137]. Petitioner's sentence was at the bottom of his advisory Guidelines range, which included a two-level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight [Doc. 136 ¶ 30 (Presentence Report (PSR)), *sealed].

Petitioner did not appeal, and his conviction became final in December 2017. *See, e.g., Sanchez Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (holding that an unappealed

district court judgment becomes final "upon the expiration of the period in which the defendant could have appealed to the court of appeals"). On June 13, 2022, over four (4) years later, Petitioner filed the Section 2255 Petition in the Sixth Circuit because he erroneously believed that he needed authorization from the Sixth Circuit [*See* Doc. 260]. The Sixth Circuit transferred the Section 2255 Petition to this Court on October 31, 2022 [Doc. 277]. In support of his Section 2255 Petition, Petitioner alleges that, in light of *Borden v. United States*, 141 S. Ct. 1817 (2021), the application of the enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight to his base offense level was erroneous [Doc. 278].

### III.     Analysis

#### A. Petitioner's claim is barred by the Section 2255 waiver in his plea agreement.

As an initial matter, in his plea agreement, Petitioner waived his right to collaterally attack his underlying sentence or conviction [Doc. 78 ¶ 10(b)]. Petitioner agreed that he would "not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack [his] conviction(s) or sentence, with two exceptions: [Petitioner] retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel" [*Id.*]. Petitioner's Section 2255 Petition does not meet either of these exceptions. Accordingly, Petitioner waived his right to file the instant Section 2255 Petition, and it must be dismissed on that basis.

#### B. Petitioner's Section 2255 Petition is untimely.

Even if Petitioner's did not waive his right to file the Section 2255 Petition, the motion is untimely and must be dismissed on that basis. "The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides strict gatekeeping requirements for the filing of post-conviction petitions."

4

*Chambers v. United States*, 763 F. App'x 514, 517 (6th Cir. 2019). AEDPA contains a one-year limitations period to bring a Section 2255 petition for relief that begins upon the latest of:

> (1) The date on which the judgment of conviction becomes final;
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner filed his Section 2255 Petition nearly four and a half (4.5) years after his conviction became final. He has not identified any governmental action that impeded his ability to file a Section 2255 petition. And Petitioner's claim does not rely on any newly discovered facts. Finally, while Petitioner purports to base his claim on *Borden v. United States*, as discussed below, *Borden* offers no plausible basis for Petitioner to obtain Section 2255 relief. *See Borden*, 141 S. Ct. 1817. Accordingly, Petitioner's Section 2255 Petition is untimely.

### C. *Borden v. United States* does not provide Petitioner a plausible claim for relief.

United States Sentencing Guideline Section 3C1.2 reccommends a two-level enhancement where "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. For purposes of Section 3C1.2, "reckless" conduct is defined to include "a situation in which a defendant was aware of the risk created by his conduct and the risk was of such a nature and degree

5

that to disregard that risk would constitute a gross deviation from the standard of care a reasonable person would exercise in such a situation." *Id.* § 2A1.4 cmt. n.1; § 3C1.2, cmt. n.2.

Here, Petitioner does not argue that his conduct failed to satisfy Section 3C1.2's requirements. The undisputed facts show that Petitioner led officers on an hour-long vehicle pursuit and attempted to "hit a patrolman head-on, narrowly missing the patrolman's car" [Doc. 136 ¶ 21]. Instead, Petitioner alleges that *Borden* established that "offenses with a mens rea of recklessness do not qualify as violent felonies for enhancement purposes" [Doc. 278-1 at 5]. *Borden* held that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies *under ACCA* [the Armed Career Criminal Act]." *Borden*, 141 S. Ct. at 1834 (emphasis added). Petitioner was not convicted under the Armed Career Criminal Act. And *Borden* sdoes not address the *mens rea* required under Guidelines Section 3C1.2. *See Borden*, 141 S. Ct. 1817. Accordingly, *Borden* does not provide a basis for the Court to grant Petitioner relief under Section 2255.

## IV.   Conclusion

Because Petitioner is not entitled to relief under Section 2255, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 278] and **DISMISSES** Petitioner's civil action, Case No.: 2:22-cv-136-KAC-CRW.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge